IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

NICHOLAS ANFIN NESDAHL

Defendant.

Case No. DND-1:22-CR-00076
WDPA-2:22-CR-00110

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure,

the United States of America, by its attorneys, Mac Schneider, United States Attorney for

the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney;

Defendant, Nicholas Anfin Nesdahl; and Defendant's counsel, Erin Bolinger, agree to

the following:

1.      Defendant acknowledges the Indictments charge violations of Title 18,

United States Code, Sections 2251(a) and 2252.

2.      Defendant has read the charges and Defendant's attorney has fully

explained the charges to Defendant.

3.      Defendant fully understands the nature and elements of the charged crimes.

4.      Defendant will voluntarily plead guilty to Counts One and Two (WDPA

Charges) and Counts One, Three, Four, Five, Seven, Eight, and Nine (DND Charges)  of

the Indictments and admit to the forfeiture allegation of the DND Superseding

Indictment.

5.      The parties agree this Plea Agreement shall be filed as part of the Court

record and be governed by Federal Rule of Criminal Procedure 11(c). The parties

specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the

non-binding recommendations specified in this Plea Agreement, then Defendant

acknowledges that this agreement will have been fulfilled. Except as provided in

Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does

not give Defendant a right to withdraw Defendant's guilty plea.

6.      Defendant will plead guilty because Defendant is in fact guilty of the

charges. In pleading guilty to Counts One and Two (WDPA Charges) and Counts One,

Three, Four, Five, Seven, Eight, and Nine (DND Charges) , Defendant acknowledges

that:

### WDPA Factual Basis

#### COUNT ONE

On or about October 24, 2021, in the Western District of Pennsylvania and

elsewhere, the defendant, attempted to and did employ, use, persuade, induce, entice, and

coerce Minor 1, then a resident of Pennsylvania and a minor female known to the grand

jury, and Minor 2, then a resident of Pennsylvania and a minor female known to the

grand jury, to engage in sexually explicit conduct for the, purpose of producing any

visual depiction of such conduct; to wit: videos depicting Minor 1 and Minor 2 engaging

in sexually explicit conduct, as those terms are defined in Title 18, United States Code,

Section 2256, knowing or having reason to know that such visual depictions would be

transported and transmitted using any means and facility of interstate and foreign

commerce or in and affecting interstate and foreign commerce, and such visual depictions

were produced and transmitted using materials that have been mailed, shipped, and

2

transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions were: transported and transmitted using any means and facility of interstate 1arid foreign commerce and in ,and affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT TWO

On or about October 13, 2021, in the Western District of Pennsylvania and elsewhere, the defendant, did knowingly receive and attempt to receive a visual depiction of Minor 1, then a resident of Pennsylvania and a minor female known to the grand jury, that had been mailed, shipped and transported in interstate and foreign commerce, the production of such visual depiction having involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and ,such depiction being of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(l).

## **DND Factual Basis**

## COUNT ONE

From in or about March 2021 to in or about April 2021, in the District of North Dakota, and elsewhere, the defendant, did knowingly attempt to use, persuade, induce, entice, and coerce a minor, namely, O.V., to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing, and having reason to believe, that such visual depictions were produced using materials that have been mailed, shipped, and transported in or affecting interstate and foreign commerce by any means,

3

including by computer, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT THREE

From in or about April 2021 to in or about June 2021, in the District of North Dakota, and elsewhere, the defendant, did knowingly use, persuade, induce, entice, and coerce a minor, namely, M.B., to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing, and having reason to believe, that such visual depictions were transmitted using any means of interstate or foreign commerce, to wit: the internet, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT FOUR

From in or about August 2021 to in or about September 2021, in the District of North Dakota, and elsewhere, the defendant, did knowingly use, persuade, induce, entice, and coerce a minor, namely, E.R., to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing, and having reason to believe, that such visual depictions were transmitted using any means of interstate or foreign commerce, to wit: the internet, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT FIVE

From in or about November 2020 to in or about December 2020, in the District of North Dakota, and elsewhere, the defendant, did knowingly attempt to use, persuade, induce, entice, and coerce a minor, namely, A.S., to engage in sexually explicit conduct

4

for the purpose of producing visual depictions of such conduct, knowing, and having

reason to believe, that such visual depictions were transmitted using any means of

interstate or foreign commerce, to wit: the internet, in violation of Title 18, United States

Code, Sections 2251(a) and 2251(e).

## COUNT SEVEN

From in or about November 2021 to in or about February 2022, in the District of

North Dakota, and elsewhere, the defendant, did knowingly use, persuade, induce, entice,

and coerce a minor, namely, A.M., to engage in sexually explicit conduct for the purpose

of producing visual depictions of such conduct, knowing, and having reason to believe,

that such visual depictions were transmitted using any means of interstate or foreign

commerce, to wit: the internet, in violation of Title 18, United States Code, Sections

2251(a) and 2251(e).

## COUNT EIGHT

From in or about September 2021 to in or about October 2021, in the District of

North Dakota, and elsewhere, the defendant, did knowingly attempt to use, persuade,

induce, entice, and coerce a minor, namely, A.M., to engage in sexually explicit conduct

for the purpose of producing visual depictions of such conduct, knowing, and having

reason to believe, that such visual depictions were transmitted using any means of

interstate or foreign commerce, to wit: the internet, in violation of Title 18, United States

Code, Sections 2251(a) and 2251(e).

## COUNT NINE

From in or about September 2021 to in or about February 2022, in the District of North Dakota, and elsewhere, the defendant, did knowingly attempt to use, persuade, induce, entice, and coerce a minor, namely, G.A.R.C., to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing, and having reason to believe, that such visual depictions were transmitted using any means of interstate or foreign commerce, to wit: the internet, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

7.   Defendant understands the following maximum penalties apply:

Count One (WDPA) and Counts One, Three, Four, Five, Seven, Eight and Nine

| | |
|---|---|
| Imprisonment: | 15 years man/min up to 30 years |
| Fine: | $250,000 |
| Supervised Release: | 5 years man/min up to life term |
| Special Assessment: | $100 for each count |

Count Two (WDPA)

| | |
|---|---|
| Imprisonment: | 5 years man/min up to 20 years |
| Fine: | $250,000 |
| Supervised Release: | 5 years man/min up to life term |
| Special Assessment: | $100 |

Assessments and Mandatory Restitution

8.   Defendant further understands that the crimes to which he is pleading guilty carry the following assessments and mandatory restitution:

(a)   An assessment of $100.00 per count under 18 U.S.C. § 3013. Defendant agrees to pay the Clerk of the United States District Court this assessment on or before the day of sentencing.

(b)   An assessment of $5,000.00 per count under 18 U.S.C. § 3014;

(c)   An assessment, pursuant to 18 U.S.C. § 2259A, per count of no more than:

(ii) $35,000.00 (Count Two WDPA) for any other trafficking in child
pornography offense as defined by § 2259(c)(3), which includes offenses
under 18 U.S.C. §§ 2251(d), 2252, 2252A(a)(1) through (5), 2252A(g) (in
cases in which the series of felony violations exclusively involves violations
of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

(iii) $50,000.00 (Counts One (WDPA and Counts One, Three, Four, Five, Seven,
Eight, and Nine) for a child pornography production offense.

(d) Mandatory restitution under 18 U.S.C. § 2259 that, for any conviction of an
offense described in paragraphs 8(b)(i) or (ii), is not less than $3,000.00 per
victim.

9.      Defendant understands that by pleading guilty Defendant surrenders rights,

including:

(a)     The right to a speedy public jury trial and related rights as follow:

(i)      A jury would be composed of twelve (12) lay persons

selected at random. Defendant and Defendant's attorney would help choose

the jurors by removing prospective jurors "for cause," where actual bias or

other disqualification is shown; or by removing jurors without cause by

exercising so-called peremptory challenges. The jury would have to agree

unanimously before it could return a verdict. The jury would be instructed

that Defendant is presumed innocent and that it could not return a guilty

verdict unless it found Defendant guilty beyond a reasonable doubt.

(ii)     If a trial were held without a jury, then the Judge would find

the facts and determine whether Defendant was guilty beyond a reasonable

doubt.

(iii)    At a trial, whether by a jury or Judge, the United States is

required to present witness testimony and other evidence against

7

Defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

(iv)     At trial, Defendant has a privilege against self-incrimination; thus, Defendant can decline to testify. No inference of guilt can be drawn from Defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

(b)     Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask Defendant questions about Defendant's criminal conduct to ensure that there is a factual basis for Defendant's plea.

10.     Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of Defendant's waiver.

11.     The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a) and must consult and consider the United States' Sentencing Commission, Guidelines Manual, (Nov. 2021) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of

8

sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

12.     This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota and the Western District of Pennsylvania. It does not bind any United States Attorney outside the District of North Dakota or the Western District of Pennsylvania, nor does it bind any state or local prosecutor. They remain free to prosecute Defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

13.     Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

14.     The parties agree that the base offense level under the Sentencing Guidelines for Defendant's conduct is 32. (USSG § 2G2.1).

15.     The United States believes that the following upward adjustments are applicable in this case:

- +4, victim under 12 years of age. (USSG § 2G2.1(b)(1)(A));

- +2 commission of sex act. (USSG § 2G2.1(b)(2)(A));

- +2, distribution of images.  (USSG § 2G2.1(b)(3));

- +4, sado/maso conduct depicted.  (USSG § 2G2.1(b)(4)); and

- +2, use of computer/interactive device.  (USSG § 2G2.1(b)(6).

16.     The parties agree to the forfeiture of the items included in the Forfeiture Allegation of the Indictment.

9

17.     At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided Defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of Defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

18.     Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines' Commission to justify the departure. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

19.     At sentencing, the United States will:

        (a)     Recommend a sentence of 30 years regarding the DND charges and 15 years on the WDPA charges with 10 years consecutive on the WDPA charges to the 30 years recommended on DND charges;

        (b)     Recommend that Defendant be ordered to pay restitution;

        (c)     Recommend a life term of supervised release; and

        (d)     Move to dismiss the remaining counts of the Indictments.

20.     Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear

for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information Defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statements, or false declarations, if Defendant commits such acts in connection with this agreement or otherwise.

21. Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order Defendant to make restitution for all loss caused by Defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

22. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and

Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

23.     **Defendant's Waiver of Appeal**. Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.

24.     By signing this Plea Agreement, Defendant further specifically waives Defendant's right to seek to withdraw Defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with

12

this agreement. The appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw Defendant's plea will be denied and any appeal of such denial should be dismissed.

25. **Sex Offender Registration - Megan's Law/Adam Walsh Act Notice:** Through execution of this Plea Agreement, Defendant acknowledges that he has been advised, and understands, that pursuant to the Sex Offender Registration and Notification Act, a federal law, he must register as a sexual offender and keep such registration current in each of the following jurisdictions: where he resides, where he is employed, and where he is a student. Defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or student, among other information. Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is employed, or is a student not later than three **(3)** business days after any change of name, residence, employment, or student status. Defendant acknowledges that he has been advised and understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

26. The parties further agree that Defendant will forfeit all rights and interest to the property set forth in the Forfeiture Allegation of the Indictment.

27. Defendant understands that by pleading guilty he will be convicted, and that any individual convicted who is not a United States citizen may be removed from the

United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has explained this consequence of his guilty plea.

28. The Assistant United States Attorney and attorney for Defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

29. Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and Defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed Defendant's constitutional and other rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

MAC SCHNEIDER
United States Attorney

Dated: 2/20/2024

By: GARY L. DELORME
Assistant United States Attorney

Dated: February 9th 2024

NICHOLAS ANFIN NESDAHL
Defendant

Dated: February 9, 2024

ERIN BOLINGER
Attorney for Defendant

14